Daikoku v. Barr

BIA
A079 713 216

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15ᵗʰ day of May, two thousand nineteen.

PRESENT:
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

ALEX R. DAIKOKU, AKA ALEX RUBEN DAIKOKU,
> *Petitioner,*

v.

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

17-3170
NAC

_____

| | |
|---|---|
| **FOR PETITIONER:** | Michael Musa-Obregon, White Plains, NY. |
| **FOR RESPONDENT:** | Chad A. Readler, Acting Assistant Attorney General; Shelley R. Goad, Assistant Director; Julia J. Tyler, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Alex R. Daikoku, a native and citizen of Panama, seeks review of a September 6, 2017, decision of the BIA, denying his third motion to reopen. *In re Alex R. Daikoku,* No. A079 713 216 (B.I.A. Sept. 6, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). In his motion to reopen, Daikoku asserted that his removal proceedings should be reopened because the visa petition that his U.S. citizen wife had filed on his behalf had been approved and he was eligible to apply for a waiver of inadmissibility and adjustment of status.

The BIA did not abuse its discretion in denying Daikoku's 2016 motion as untimely and number barred because it was his third motion to reopen filed more than three years after his removal order became final in 2012. *See*

2

8 U.S.C. § 1229a(c)(7)(A), (C)(i) (limiting noncitizens to one motion to reopen and setting a 90-day deadline for such motions); 8 C.F.R. § 1003.2(c)(2) (same).  His wife's approved visa petition and his purported eligibility for a waiver of inadmissibility and adjustment of status did not excuse the applicable time and number limitations.  *See* 8 U.S.C. § 1229a(c)(7)(C)(ii)-(iv) (listing exceptions); 8 C.F.R. § 1003.2(c)(3) (same); *see also Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005) (providing that changed personal circumstances do not excuse the time and number limitations for motions to reopen); *Matter of Yauri*, 25 I. & N. Dec. 103, 105 (BIA 2009) ("[U]ntimely motions to reopen to pursue an application for adjustment of status . . . do not fall within any of the statutory or regulatory exceptions to the time limits for motions to reopen before the Board . . . .").

Because Daikoku did not meet any exception to the time and number limitations, "his motion to reopen could only be considered  upon  exercise  of  the  [BIA's]  *sua  sponte* authority."  *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir.

3

2009). We lack jurisdiction to review the agency's "entirely discretionary" decision declining to reopen proceedings sua sponte. *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006). Although we may remand if the agency "declined to exercise its *sua sponte* authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail," *Mahmood*, 570 F.3d at 469, Daikoku has not demonstrated that the BIA misperceived the law.

Daikoku argues that the BIA could have reopened proceedings and stayed his removal while he applied for a waiver of inadmissibility with the U.S. Citizenship and Immigration Services ("USCIS"). In *Sheng Gao Ni v. BIA*, we concluded that the BIA fails to provide an adequate basis for denying a *timely* motion to reopen by simply observing that, under agency regulations, the IJ lacks jurisdiction to adjudicate an adjustment application without recognizing that a movant may seek to lift a removal order to have sufficient time to pursue an adjustment application before USCIS. 520 F.3d 125, 129-30 (2d Cir. 2008). But here, the BIA denied the motion to reopen because it was untimely and number barred. It did not misperceive its own authority, but simply

4

noted that Daikoku could pursue a waiver of inadmissibility with USCIS despite his outstanding removal order and that he could apply for a stay of removal with the Department of Homeland Security.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court